HERPOLSHEIMER *v.* HERPOLSHEIMER.

1. DIVORCE—CUSTODY OF CHILD—MODIFICATION OF DECREE.

Where parties were divorced when their child was two years of age and although her custody was given to the mother the child has been kept as a resident student in a school or been left with maternal grandmother, welfare of child, now 16 years old, required that decree be modified in accordance with child's wishes and custody be transferred to such grandmother.

2. SAME—CUSTODY OF CHILD—WELFARE OF CHILD—WISHES OF PARENTS.

In determining who shall have custody of children of divorced parents since the welfare of the child is paramount and the

wishes of the parents are a secondary consideration, the court may award custody of the child to a third person and require the father to pay for her support.

3. PARENT AND CHILD—MAINTENANCE OF MINORS.

Payments for the maintenance of a minor child should be measured by the reasonable needs of the child, taking into consideration the station in life of her family, and the ability of the father to pay the requisite sums.

4. DIVORCE—CUSTODY AND SUPPORT OF CHILD.

Monthly payment of $200 by father for support of his 16-year-old daughter whose custody is now changed from her mother to her maternal grandmother *held*, fair and reasonable where father has a net income of about $10,000 a year from a trust estate and his family have extensive means.

5. SAME—CUSTODY AND SUPPORT OF CHILD—MATERNAL GRAND-MOTHER.

Where custody of 16-year-old daughter of divorced parents is transferred from mother to child's maternal grandmother, monthly payments for support are also required to be made to her in view of her genuine interest in the welfare of the child and indication that such custodian will properly use or conserve support moneys which might come into her hands.

6. AMICUS CURIAE—ATTORNEY FEE—COSTS.

Counsel who appeared in Supreme Court, under its order, as *amicus curiae* for 16-year-old child of divorced parents, is awarded $150, taxable against father, in addition to $125 heretofore paid, no costs being awarded either father or mother where decree is modified in respect to custody and amount of support for child.

Appeal from Kent; Brown (William B.), J. Submitted April 9, 1947. (Docket No. 16, Calendar No. 43,480.) Decided May 16, 1947.

Divorce proceedings by Elaine Marguerite Herpolsheimer against William Smith Herpolsheimer. On petition of plaintiff for increase in amount of payments for support of minor child and petition of defendant for change of custody. Decree amended to provide for increase in amount of payments for support. Defendant appeals. Modified and affirmed.

*Arthur F. Shaw,* for plaintiff.

*Searl, White & Brooks,* for defendant.

*Gerald M. Henry, amicus curiae,* for minor child.

NORTH, J.  Elaine Herpolsheimer, plaintiff, and William Herpolsheimer, defendant, were divorced in February, 1933.  Custody ᵕof their daughter Marlene, then about two years of age, was given to the mother, and the father required to pay a specific amount per month "to aid plaintiff in the support and maintenance of the minor child."  No provision was made for alimony for the mother. On several occasions amendments of the decree were made as to payments for the support of the minor. As finally amended in September, 1941, on plaintiff's petition, the monthly payments for the support of the daughter were fixed at $150, to continue until she should become 18 years of age or until the further order of the court.  In May, 1945, plaintiff filed a petition for a further increase of the payments for the daughter, stating therein:

"Under economic conditions, and because said minor child has reached an age that requires increased outlays of money for education, clothing, food and insurance, the present allowance of $150 per month is not adequate.

"In addition to tuition, clothing and insurance, the child needs substantial allowances for incidentals, amusements and social entertainment.  Also there are now expenses for summer camps and vacations.  Your petitioner, working as a trained nurse, is not able to supplement from her income the additional and increased expenses."

Defendant answered and denied that $150 per month was inadequate for the daughter's needs;

and charged: "that the plaintiff has been receiving said sum of money ($150) each month and has been using only a small portion thereof for the care, support, maintenance and education of said child, and the remainder she has been expending for her personal use, entertainment and enjoyment." Later defendant filed in the proceedings a petition praying that the custody of the daughter be taken from the mother and be given to the maternal grandmother, Mrs. Katheryne Scott. Plaintiff answered defendant's petition and opposed the change of custody. Mrs. Scott sought to intervene in behalf of the minor daughter who was then living with her, but was not permitted to do so. As a result of a lengthy and acrimonious hearing (including an application for rehearing) the trial judge amended the decree and provided that the monthly payments should be increased to $250; and the trial judge denied defendant's petition for change of custody of the daughter.

Defendant has appealed. After the case came to this Court we entered an order permitting an attorney who sought to represent the minor daughter to file a brief *amicus curiae.* The three issues for review are: (1) custody of the minor daughter, (2) the amount of payments for her maintenance, and (3) to whom should the payments be made.

Custody. The question here is this. Will the daughter's welfare be best served by continuing her custody with plaintiff or by placing the custody of the minor in the maternal grandmother, Mrs. Katheryne Scott? The daughter is now 16 years of age. Defendant is not seeking to have her custody decreed to him. Instead he admits he is not entitled to custody. Our review of the record satisfies us that plaintiff is not a proper person to have the custody of this 16-year-old girl. For much of the time during recent years plaintiff has not given her per-

sonal care to the daughter, but instead has kept her in a school as a resident student or has left the daughter with her maternal grandmother, who now seeks the custody of the minor. The testimony discloses that, notwithstanding they have long since been divorced, plaintiff continues to consort with defendant, that on many occasions while in a drunken condition he has been harbored in plaintiff's apartment and in the presence of their young daughter. There is testimony that defendant has remained in plaintiff's apartment overnight and that she has occupied the same room with him, doing so with the knowledge of the daughter Marlene. Also, there is credible testimony that other men have visited plaintiff at her apartment and there drank liquor with her, that plaintiff keeps a liberal supply of intoxicating liquors in her apartment, that she is rather a free user of intoxicants, and at times indulges in "indecent and vile language." The daughter Marlene testified to the effect that she could not live happily with her mother because of her mother's conduct. The record fairly discloses that plaintiff has used a large portion of the support money received by her for her own purposes rather than devoting it to the needs of the daughter. While not entirely controlling, we cannot overlook the fact that this 16-year-old daughter, who testified against her mother at the hearing in the trial court, rebels strongly against living with and being in the custody of plaintiff. Instead she desires her custody to be in Mrs. Scott in whose personal charge Marlene had been for months prior to the final hearing in the trial court. We forego review of other pertinent matters disclosed by the record, such as letters written by plaintiff to defendant which clearly indicate that plaintiff's attitude in life falls short of that of a good mother. Under all the circum-

stances disclosed by the record we can not avoid the conclusion that the custody of Marlene should not be continued in her mother.

There is nothing in the record which in any material way tends to indicate that the maternal grandmother, Katheryne Scott, is not a fit person to have the custody of Marlene; and Mrs. Scott has evidenced an intense desire that Marlene's welfare should be a matter of first consideration. In plaintiff's brief it is asserted that Mrs. Scott is interested on account of financial reasons and that: ''a conspiracy was formed between Katherine (sic) Scott and the defendant to take the custody of the child away from the mother, plaintiff herein.'' We fail to find in the record a justification for the above intimations or claims. On the contrary, as before noted, it appears that Mrs. Scott heretofore has had very much of the responsibility for the actual care and custody of Marlene, that her services in that particular were rendered without compensation, and that she has expended some of her own money in meeting Marlene's needs. Further, as negativing the claim that Mrs. Scott's interest is prompted by financial reasons, she takes the position that she does not care to have the money for Marlene's support paid to her but instead would prefer that a guardian of the estate of Marlene should be appointed and such payments made to the guardian. A careful review of this record brings the conclusion that the welfare of Marlene Herpolsheimer will be much better served by modifying the decree of the trial court and placing Marlene's custody in Mrs. Scott, and it will be so modified.

''The wishes of the parents are a secondary consideration. The welfare of the child is paramount. *Weiss* v. *Weiss,* 174 Mich. 431; *Smith* v. *Ritter,* 292

Mich. 26. The court may award custody of the child to a third person and require the father to pay for her support." *Riede* v. *Riede,* 300 Mich. 300.

Maintenance. Payments. In plaintiff's 1945 petition for an amendment. of the decree she stated: "Your petitioner believes that all of the circumstances justify payments by the defendant in the sum of $300 per month." The decree was amended by increasing the payments from $150 per month to $250 per month. Defendant's contention is that the testimony discloses that $150 per month is adequate for Marlene's needs. In fact, Mrs. Scott so testified. As bearing upon this phase of the controversy the facts in the present case are rather unusual, and we think to some extent at least justify a measure of liberality.

We are mindful that the payments for the maintenance of a minor child should be measured by the reasonable needs of the child, taking into consideration the station in life of her family, and the ability of the father to pay the requisite sums. In the instant case there is no controversy as to the abundant ability at the present time of the father to meet any reasonable payments ordered by the court. He is a beneficiary under a trust estate created by his grandfather and as such has a net income of approximately $10,000 a year. The record before us does not disclose whether this source of means for Marlene's maintenance would be summarily terminated in the event of the death of her father; and therefore in fixing the payments that the father is required to pay at the present time consideration might well be given to the advisability of requiring the payments to be large enough to possibly provide something of an accumulation by which Marlene's needs in the future of her minority can be cared

for, rather than to make an award based exclusively on her present day-to-day requirements. But wholly apart from the circumstance just noted, it should be borne in mind that because of their extensive means the members of the Herpolsheimer family have been accustomed to living on a rather high plane of life, and this has to do with the station in life which Marlene should be allowed to assume. With this and other aspects of the record in mind it is our judgment that the payments decreed for Marlene's support should be liberal. A fair and reasonable determination would result by modifying the amended decree entered by the trial judge on August 31, 1945, and providing that beginning as of that date defendant shall be required to pay for the support of the minor $200 per month. It will be so modified.

To Whom Shall Payments Be Made. Because it appears in this case that the parties are at least somewhat concerned with whether money to be paid by the defendant for Marlene's support will be so used or portions of such funds will be absorbed for the benefit of some third party, we must consider whether some provision should be made which will safeguard the use of funds paid by defendant for Marlene's support and maintenance. Notwithstanding somewhat of a contention on the part of appellee that Mrs. Scott's interest in Marlene is prompted by reason of the financial aspect of the case, after a careful review of the record we are not impressed that there is any merit to such contention. Instead we are satisfied that Mrs. Scott has a genuine interest in the welfare of Marlene and that she will properly use or conserve any support moneys which may come into her hands. That being true the amended decree may provide that future payments of support money decreed shall be paid to Mrs.

Katheryne Scott to be used or conserved by her for the care, support, maintenance and use of Marlene Herpolsheimer.

Except as otherwise provided herein the amended decree entered in the circuit court is affirmed; but an amended decree may be entered in this Court in accordance with the foregoing. As between plaintiff and defendant no costs will be awarded; but counsel who under the order of this Court appeared herein as *amicus curiae* for Marlene Herpolsheimer, in addition to the $125 heretofore paid, is awarded as an attorney fee and for his disbursements the sum of $150 taxable against the defendant. The case will be remanded to the trial court with jurisdiction to hear and determine any future proceedings therein.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. DETHMERS, J., did not sit.