### STERN *v.* STERN.

#### DEFENDANT'S APPEAL.

DIVORCE—SUPPORT FOR CHILD—INCREASE.

> Increase of amount allowed for support of child from $50 per month to $20 per week was supported by showing of change of circumstances of plaintiff mother, the needs of the child, and the ability of defendant father to pay, where his average income, although substantially reduced, is yet $350 per month, and alimony payment to plaintiff of $150 per month was terminated by a subsequent remarriage that was followed by divorce.

Appeal from Wayne; Miller (Guy A.), J.   Submitted April 5, 1950.   (Docket No. 13, Calendar No. 44,716.)   Decided May 18, 1950.

Divorce proceedings by Betty S. Stern against Philip S. Stern.   On petition to increase amount re-

---

REFERENCES FOR POINTS IN HEADNOTES

17 Am Jur, Divorce and Separation, § 703.

quired for support of minor child. Decree amended to increase amount. Defendant appeals. Affirmed.

*Harry N. Grossman* and *J. Leonard Hyman,* for plaintiff.

*Weiner & Grayson,* for defendant.

Boyles, C. J. Plaintiff was granted a divorce August 14, 1945, custody of the 6-year-old minor child, and defendant was ordered to pay $50 per month for his support. In 1949, plaintiff filed a petition to increase said allowance and the circuit judge, after hearing, entered an order increasing it to $20 per week. Defendant appeals.

In addition to the allowance for the child, the decree of divorce required the defendant to pay to plaintiff $150 per month alimony while she remained unmarried. This was cut off by her remarriage shortly after the decree was entered. Her second marriage was terminated by divorce in 1947, since which time her earnings have not been sufficient to support herself and the minor. The expense of education and maintenance of the child has increased. At the time of the hearing she was unemployed and her only means for support of the child was the allowance received from the defendant.

The defendant resists the increase on the ground that his income is only about one third of what it was when the decree was entered. However, he admits receiving an average income of $350 per month, including $125 per month income from property he owns. He claims this is not sufficient for his own needs, which include $40 per month for "recreation & business entertainment."

There was ample showing of a change of circumstances of the plaintiff, the needs of the child, and

the ability of the defendant to pay, to support the order increasing the allowance.

Affirmed, with costs to appellee.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.