BARKER v. BARKER.

Divorce—Support of Children—Discretion of Court—Adoption.

Cancellation of some 4 years arrearage in support of minor children on petition of their father was within the discretion of the trial court and not error, where the period involved was the pendency of adoption proceedings and extended from the time petitioner herein had consented to adoption by his former wife's new husband to whom she had been married 3 years after the divorce, and it appears the father had been denied visitation rights, and the children's surname had been changed unilaterally, until petition to adopt was denied (CL 1948, § 552.28).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted January 4, 1962. (Docket No. 23, Calendar No. 49,002.) Decided May 18, 1962.

Bill by Alice Barker against William Barker resulted in decree of divorce. Following effort to negotiate a step-father adoption, plaintiff sought to enforce order for support of children. Petition by defendant for cancellation of arrearage in support money granted. Plaintiff appeals. Affirmed.

*Sherman McDonald*, for plaintiff.

*Smith & Wilson* (*Marshall E. Smith*, of counsel), for defendant.

References for Points in Headnote
39 Am Jur, Parent and Child §§ 35–41.

SOURIS, J.   The parties were divorced in Oakland county in 1953, and defendant was ordered to pay $10 per week for the support of each of his 2 minor children.   In 1956, plaintiff having remarried, she and her new husband petitioned the probate court in St. Clair county, where they resided, for adoption of the 2 children.   The defendant consented in writing to the adoption and made no further support payments from and after April of 1956.   In 1960, plaintiff instituted proceedings in Oakland county to enforce the support provisions of her divorce decree. At about that time, defendant discovered that the adoption proceedings had not been successfully completed and that 4 years after their commencement an order was entered in April of 1960 by the probate judge denying the petition for adoption.   Defendant thereupon filed a petition with the Oakland county circuit court for cancellation of any arrearage in support payments which accrued during the 4-year period following his execution of the consent to adoption.

Defendant's petition for cancellation, the allegations of which were admitted by plaintiff, discloses that defendant had been advised by the Oakland county friend of the court that upon execution of the consent he would have no further liability for support of the children, that the children assumed their mother's new married name during the period here involved, and that defendant was refused visitation rights with the children after he had executed the consent to their adoption.

After taking proofs from the parties, the chancellor canceled the arrearage which accrued during the 4 years the adoption petition was pending in the probate court.   We find no error in the action taken. Cancellation of a support-money arrearage under circumstances such as these was within the discretionary power of the chancellor.   CL 1948, § 552.28

(Stat Ann 1957 Rev § 25.106). Plaintiff and her new husband made no effort, so far as is disclosed by this record, to enforce the support provisions of the divorce decree during the 4 years they supported the children themselves, treating them as their own by refusing defendant visitation rights and unilaterally changing their surname. It is not claimed that the arrearage should be required to be paid to meet a present need of the children but rather only that plaintiff should be reimbursed for their support during a period when defendant's parental rights were effectively denied him and were enjoyed by another. We are not persuaded that error occurred below. *Chipman* v. *Chipman,* 308 Mich 578, and cases therein cited.

Affirmed. Costs to defendant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.