### ANNEBERG v. ANNEBERG.

1. DIVORCE—SUPPORT OF CHILDREN—INCREASE IN FATHER'S INCOME..
   Order of trial court modifying decree of divorce to provide for
   an increase in the payments for support of minor children based
   upon a percentage of father's income when and if expected in-
   crease to $12,500 or more per year occurs but limited to $250
   per month per child *held*, not an abuse of discretion.

2. SAME—SUPPORT OF CHILDREN—DISCRETION OF COURT.
   A trial court in a suit for divorce has a wide range of discretion
   in determining support payments for minor children and the
   Supreme Court will not reverse unless there is a clear abuse of
   that discretion.

3. WORDS AND PHRASES—DISCRETION OF COURT—ABUSE OF DISCRE-
   TION.
   The term *discretion of court* involves the idea of choice, of an
   exercise of the will, of a determination made between competing
   considerations; and in order to have an *abuse of discretion* in
   reaching such determination, the result must be so palpably and
   grossly violative of fact and logic that it evidences not the
   exercise of will but perversity of will, not the exercise of
   judgment but the defiance thereof, not the exercise of reason
   but rather of passion or bias.

Appeal from Oakland; Beer (William John), J..
Submitted June 12, 1962. (Docket No. 45, Calen-
dar No. 49,750.) Decided September 7, 1962.

Bill by Joan A. Anneberg against Allen D. Anne-
berg resulted in decree of divorce. Subsequent mod-
ification provided increase in support for minor chil-

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Divorce and Separation §§ 861, 862.
[2] 17A Am Jur, Divorce and Separation § 851.

dren based on percentage of defendant's gross earnings. From modifying order and denial of motion for rehearing defendant appeals. Affirmed.

*Howlett, Hartman & Beier (Dean G. Beier,* of counsel), for plaintiff.

*Carl F. Ingraham,* for defendant.

KELLY, J. Plaintiff was granted a decree of divorce from defendant in September, 1959, which decree provided she was to have the custody of the 2 minor children of the parties and that defendant was to pay $43.25 per child, semimonthly. On November 17, 1960, plaintiff petitioned for modification of the decree, and defendant was ordered to pay the sum of $193 per month for the support of the children.

Plaintiff again petitioned the court for modification of the decree on January 24, 1962, alleging that defendant was about to terminate his position as resident physician at St. Joseph Mercy Hospital at Pontiac, where he was earning $485 per month, and accept employment at a clinic in Carroll, Iowa, where, it was contended, his earnings would be somewhere between $18,000 and $20,000 per year. Defendant answered the petition stating that he understood his earnings would be $12,500 per year and that he expected to start his employment there on February 3, 1962.

The petition came on for hearing on January 29, 1962, and the court determined that the same percentage of defendant's income as then represented support payments for the children would be the percentage of defendant's increased income that would be allowed as future support payments, such payments however not to exceed $500 per month. An order was entered in conformity with the court's

opinion calling for the payment by defendant for support of the 2 minor children of the parties until they each shall, respectively, attain the age of 18 years, or until the further order of the court, 1/2 of an amount equal to 39.7% of. defendant's gross earnings, provided that such sum shall not exceed $250 per month per child, together with all necessary medical, dental, and hospital care for the said minor children.

Defendant filed a motion for rehearing and reconsideration of this order, which came on for hearing February 19, 1962. The lower court reaffirmed its previous ruling and defendant appeals.

Defendant contends in this appeal that in determining the amount of support payments the income of the father is not the sole criterion but that needs of the children must also be considered. He states that no proof was furnished in regard to the children's needs and, therefore, there should not have been an increase in the support payments.

The record discloses that a report by the friend of the court had been filed and after hearing arguments of counsel the court brought the hearing on the petition to a close by stating:

"Here is the disposition, gentlemen. It will require a little mathematical ability on the part of each of you. I want you to determine the percentage of the doctor's income that is presently going to the support of the children. You will apply the same percentage to his increased income but not to exceed $500 per month for the 2 children. That ought to resolve the difficulties."

The court could have properly concluded that no useful purpose would be served by putting in proofs, and the court eliminated appellant's claim that an order should not be entered because it would deal with something prospective in nature by providing

that the increase was to come when and if appellant's financial status changed.

Appellant requests this Court to set aside the modification and restore the order of November 14, 1960, which, in effect, would be a declaration that an award based on defendant's earnings of less than $6,000 per year should not be changed if and when defendant's annual earnings were doubled, or more. This prayer of appellant's, this Court will not grant.

Deciding support payments for minor children in divorce suits is a matter of judicial determination in which the trial court has a wide range of discretion and this Court will not reverse unless there is a clear abuse of that discretion. The following from *Spalding* v. *Spalding,* 355 Mich 382, 384, 385, is brought to attention:

"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

A clear abuse of discretion is not evidenced in the result reached by the trial court. The modification order of January 29, 1962, is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.