POLLEY *v.* POLLEY.

1. DIVORCE—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.
   The trial court in suit for divorce has authority to revise and alter its decree concerning the care, custody, and maintenance of children and make a new decree concerning them as the circumstances of the parents and the benefit of the children shall require (CL 1948, § 552.17).

2. SAME—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.
   Modification of provisions of decree of divorce for support of children is within the discretion of the trial court and will not be interfered with unless abused (CL 1948, § 552.17).

3. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—DISCRETION OF COURT.
   Order of trial court modifying decree of divorce but failing to relieve husband of decretal obligation to pay wife child support money for month period of summer during which he had been awarded their custody *held,* not an abuse of discretion under record presented (CL 1948, § 552.17).

4. SAME—COSTS—MODIFICATION OF DECREE.
   No costs are allowed defendant wife, appellee on appeal from order modifying decree of divorce, where she filed no brief in Supreme Court.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 17A Am Jur, Divorce and Separation § 861.
[4] 17 Am Jur, Divorce and Separation §§ 641, 644, 645.

Appeal from Sanilac; Bach (Arthur M.), J. Submitted June 6, 1962. (Docket No. 16, Calendar No. 49,567.) Decided September 7, 1962.

Bill by Robert D. Polley against Ruth M. Polley resulted in decree of divorce. Subsequent petition by plaintiff for modification of decree granted except as to prayer for abatement in payment of support money for minor children during summer month visitation. Plaintiff appeals. Affirmed.

*George E. Benko,* for plaintiff.

Kelly, J. The parties hereto obtained a decree of divorce on May 16, 1960, such decree giving custody of the 2 children of the parties to the mother and providing that the father make support payments of $27 per week. Said decree also provided for rights of visitation by the father and that the father "shall have the right to the custody of the said children for the month of July of each year."

Plaintiff father had custody of the children in the summer of 1961 and during the period they were in his custody he refused to make support payments. An order to show cause was issued and plaintiff was ordered to make such payments to defendant mother. Plaintiff then filed a petition to modify the decree in several respects, but particularly:

"That during the time when the plaintiff has custody of said children the alimony payments shall not be paid by the plaintiff to the defendant.

"Further, that the alimony payments should be reduced from $27 per week to $21 per week."

An order was entered modifying the original decree and granting plaintiff's petition in every respect as prayed, except "that the motion requesting modification of the alimony payments whereby the plaintiff would not pay child support during the 1

month in the summer when he has custody of the children is denied."

It is from this portion of the order that plaintiff appeals contending that during the period he has custody of the children he should not be required to make support payments to the mother.

CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97), gives the court authority to revise and alter its decrees concerning the care, custody, and maintenance of children and make a new decree concerning them as the circumstances of the parents and the benefit of the children shall require. We have held that the modification of the provisions of a decree for divorce for support of children is within the discretion of the trial court and the exercise of such discretion will not be interfered with unless abused. See *Newberry* v. *Newberry,* 332 Mich 265.

We find no abuse of discretion and affirm the order modifying the decree. No costs, appellee not having filed a brief.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.