## STANAWAY v STANAWAY

1. DIVORCE—CHILD SUPPORT—ESCALATOR CLAUSES—LUMP SUM PAYMENTS—APPEAL AND ERROR.

   An unlimited escalator clause with a provision for a possible annual lump sum payment beyond a specified child support amount constitutes an error of law on child support in a divorce judgment.

2. JUDGMENT—INTEREST RATE—STATUTES—DIVORCE—ALIMONY.

   The statute which regulates the allowable interest rate on judgments is applicable to overdue alimony installments by analogy (MCLA 600.6013; MSA 27A.6013).

Appeal from Marquette, Edward A. Quinnell, J. Submitted May 10, 1976, at Marquette. (Docket No. 25819.) Decided July 21, 1976.

Complaint by Garth Stanaway against Susan J. Stanaway for divorce. Divorce granted with awards of child custody, child support and alimony to defendant. Plaintiff appeals from the support and alimony awards. Remanded for modification.

*Aaron Lowenstein,* for plaintiff.

*David M. Savu,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

R. B. BURNS, J. This case involves a divorce action.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.

[2] 24 Am Jur 2d, Divorce and Separation §§ 631, 711, 720.

The judgment of divorce obligates plaintiff to pay "child support for [the parties'] minor child in an amount equal to six (6%) per cent of his adjusted gross income, as defined for federal income tax purposes, but not less than the sum of $165 monthly, * * * ". Plaintiff contends that such an unlimited "escalator" clause with its provision for a possible annual lump sum payment beyond the enumerated child support amount constitutes an error of law. We agree.

Escalator clauses in child support judgments have been very rare. The only Michigan decision construing a similar provision is *Anneberg v Anneberg,* 367 Mich 458; 116 NW2d 794 (1962). In that case (p 460), the appellant was obligated to pay "an amount equal to 39.7% of defendant's gross earnings, provided that such sum shall not exceed $250 per month per child". Not finding a "clear abuse of discretion", the Supreme Court affirmed.

*Anneberg* can only be said to sanction child support based on a certain percentage of the paying parent's income *up to some fixed amount.* This "up to" proviso is totally different from the "more than, without limit" situation presented herein. The former is not an escalator clause at all; it is, rather, a fixed amount, a maximum, from which the paying parent may be *relieved* of a portion annually. *Anneberg* is not controlling.

MCLA 552.17; MSA 25.97 reads as follows:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

An escalator clause violates both the spirit and the letter of this statute. First, it abrogates the requirement for petition by allowing the continual (here, yearly) alteration of the judgment as to amount of support. Second, and more important, it focuses exclusively on the "circumstances" of the paying parent while ignoring the complex of factors relating to the "benefit of the children" and their changing or unchanging needs. See *Stern v Stern,* 327 Mich 567; 42 NW2d 738 (1950), *Herpolsheimer v Herpolsheimer,* 318 Mich 200; 27 NW2d 530 (1947), *Davis v Davis,* 8 Mich App 104; 153 NW2d 879 (1967).

The circuit judge in this case set a base figure of $165 per month for support of the parties' now three-year-old son. This is presumably the amount that the judge thought necessary for the child's support. We expressly affirm this amount of support. The parties retain the right, under statute and court rule, to seek future modification of support.

We strike the 6% escalator clause as beyond the circuit judge's scope of discretion. In so doing, we also automatically strike the judgment's requirement that appellant file his annual personal and corporate income tax returns with the friend of the court.

One other of plaintiff's allegations of error is meritorious. The judgment of divorce provides that "[a]ny overdue installment of alimony shall bear interest at the rate of 10 per cent per annum". This figure exceeds the legally-allowable interest rate on judgments permitted by MCLA 600.6013; MSA 27A.6013. This statute is, at the least, applicable to overdue alimony installments by analogy. Further, we cannot countenance a prospective pronouncement of interest in contemplation of default

that necessarily ignores the factual circumstances that would attend any such future default. The "10% interest" provision must also be stricken from the judgment.

We have thoroughly considered the additional issues raised by the parties, and affirm the balance of the judgment of divorce. As to alimony, plaintiff's reliance on the ineffective reconciliation agreement is misplaced, and defendant's "motion for relief from judgment" appended to her brief on appeal is without merit. It appears that plaintiff has satisfied two months of his alimony obligation that properly runs from August 15, 1975, to December 23, 1975.

The cause is remanded for modification of the judgment of divorce to satisfy the termination requirement of GCR 1963, 729.2(1), and to effectuate the conclusions of this opinion. Each party shall bear his/her own costs on this appeal.