HAGBLOOM v HAGBLOOM

OPINION OF THE COURT

1. DIVORCE—CHILD SUPPORT—MODIFICATION—NEEDS OF CHILD—ABIL-
ITY OF FATHER—CHANGED CIRCUMSTANCES.
   Modification of orders for child support are permitted to accord
   with the welfare of the child within the means and ability of
   the father; the kinds of changes sufficient to warrant modifica-
   tion include increase or decrease in the father's income, demon-
   stration that the children's needs require more support, evi-
   dence of a change in the general cost of living.

2. DIVORCE—CHILD SUPPORT—PERCENTAGES OF INCOME—PROSPECTIVE
MODIFICATION—UPPER LIMITS.
   Support payments have in some instances been based on a
   percentage of the defendant's income per annum, but the law
   discourages this kind of prospective modification geared to only
   one variable; a specific upper limit should be set when a
   percentage support figure is used and the upper limit should
   not exceed the amount requested.

CONCURRENCE BY R. B. BURNS, J.

3. DIVORCE—CHILD SUPPORT—ESCALATOR CLAUSES—CIRCUIT JUDGES.
   *An escalator clause in an award of child support is beyond the
   scope of discretion of a circuit judge.*

Appeal from Marquette, Clair J. Hoehn, J. Sub-
mitted May 10, 1976, at Marquette. (Docket No.
25544.) Decided September 8, 1976.

Complaint by Patricia Hagbloom against Tru-
man Hagbloom for divorce. Divorce granted with
an award of child support to plaintiff. Plaintiff
petitioned for an order modifying the child sup-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur 2d, Divorce and Separation §§ 858, 839–841.

port. Support modified. Defendant appeals. Reversed and remanded.

*Edward H. Dembowski,* for plaintiff.

*Bridges & Collins* (by *James B. Steward*), for defendant.

Before: T. M. Burns, P. J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. Plaintiff was granted a divorce on May 29, 1970. Provision was made in the decree for granting custody and support to plaintiff of her twin eight-year-old daughters. Support payments were set at $200 per month.

On December 11, 1974, plaintiff petitioned for a modification of the amount of support, requesting a raise to approximately $360. Plaintiff carefully itemized and described all potential expenses entailed in this figure.

She alleged changed circumstances in that defendant's income had risen substantially when he became, at least temporarily, a captain on a Great Lakes shipping vessel rather than the third mate he formerly was. His income had risen from near $10,000 in 1970 to near $30,000 in 1974.

Plaintiff also properly emphasized the increased needs of her daughters now that they had reached the teen age of 12 years. She also cited inflation and the increased cost of living as a factor in the itemized computation she gave the trial court. Plaintiff had remarried since the divorce.

Defendant testified that he had remarried as well. He stated that, due to an impending reduction in the number of ships his company would be using, his position as a captain would be changed very shortly back to third mate at a much lower

salary. He questioned some of plaintiff's itemized expenses.

The trial court ruled that changed circumstances existed and that $200 per month simply was not adequate to support the two children. Defendant's income had risen substantially, however temporarily; and the needs of the children had definitely increased. He ordered an increase in the rate of support to 30% of defendant's income, setting no ceiling. Computed on defendant's income for 1974, this figure works out to $560 per month, total payment.

On appeal, defendant questions whether a change in circumstances existed sufficient to justify the court's discretionary modification of the original decree. He also charges an abuse of discretion occurred when the trial court set the rate of support at a percentage per annum figure with no ceiling specified.

Michigan law provides for modification of orders for child support so as "to accord with the welfare of the child within the means and ability of the father". *West v West,* 241 Mich 679, 686; 217 NW 924 (1928). See MCLA 552.17; MSA 25.97.

Such modification is within the trial court's discretion and its decision to modify will not be disturbed absent a clear abuse of discretion. *Cullimore v Laureto,* 66 Mich App 463, 465; 239 NW2d 409 (1976), *Polley v Polley,* 367 Mich 455; 116 NW2d 924 (1962). See 9A Michigan Law & Practice, Divorce, § 231, p 452. This Court reviews lower court rulings in such matters *de novo.*

The kinds of changes our courts view as sufficient to grant modification include increase or decrease in the father's income, *Schneider v Schneider,* 30 Mich App 124; 186 NW2d 17 (1971); demonstration that the children's needs require

more support, *Stern v Stern,* 327 Mich 567; 42 NW2d 738 (1950); and, in other states mere showing of an increase in the children's age, *Kelleher v Kelleher,* 67 Ill App 2d 410; 214 NE2d 139 (1966); or evidence of a change in the general cost of living, *Renn v Renn,* 318 Mich 230; 27 NW2d 618 (1947). See 27B CJS, Divorce, § 322(2), p 693.

In this case, defendant's increased income, though temporary, coupled with the change in the children's needs which plaintiff carefully itemized, the children's age and the altered cost of living all lead us to affirm the trial court's finding of changed circumstances. No abuse of discretion occurred.

However, we cannot be as solicitous about the way in which the trial court altered the original decree. See *Travis v Travis,* 19 Mich App 128; 172 NW2d 491 (1969). See also 2 Nelson, Divorce, § 1484, p 118. Some support in Michigan law exists for the device of setting a percentage of income per annum figure on support payments. *Anneberg v Anneberg,* 367 Mich 458; 116 NW2d 794 (1962).

In *Anneberg,* plaintiff sought modification of an original child support order. Defendant husband was earning $485 per month, but had accepted a position which promised to pay in the neighborhood of $12,500 per annum. After a hearing, the trial court ordered defendant to pay 39.7% of his income, not to exceed $250 per child. The Supreme Court affirmed, refusing to find the trial court abused its discretion.

Generally, the law discourages this kind of prospective modification, finding that payment should not be geared to only one variable, the father's income. Further, *Anneberg* differs from the fact situation in this case in a significant way. In *Anneberg,* a specific upper limit was set. No limit

was established here, and, in fact, the figure on computation of 30% of defendant's income is $566 or $206 per month more than plaintiff initially requested. This ruling of the trial court should be changed, accordingly we reverse and remand.

On remand, the trial court can in its discretion set a percentage support figure, but should determine an upper limit which should not exceed the amount plaintiff requested, absent some more substantial evidence of need.

R. B. BURNS, J. *(concurring).* I concur in the results reached by the majority of my brothers that the case should be reversed and remanded to the trial court.

However, in *Stanaway v Stanaway,* 70 Mich App 294; 245 NW2d 723 (1976), this Court cited MCLA 552.17; MSA 25.97, which reads:

"The Court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

The Court continued and stated:

"An escalator clause violates both the spirit and the letter of this statute. First, it abrogates the requirement for petition by allowing the continual (here, yearly) alteration of the judgment as to amount of support. Second, and more important, it focuses exclusively on the 'circumstances' of the paying parent while ignoring the complex of factors relating to the 'benefit of the children' and their changing or unchanging needs. (Citations omitted.)

*     *     *

"We strike the 6% escalator clause as beyond the circuit judge's scope of discretion."

On remand I would not permit the trial court to utilize an escalator clause in determining the support.