628 P.2d 599

Lorraine Janet BREVICK,
Petitioner/Appellee,

v.

Lonnie Lee BREVICK,
Respondent/Appellant.

No. 2 CA–CIV 3849.

Court of Appeals of Arizona,
Division 2.

April 29, 1981.

Arthur L. Hirsch, Tucson, for petitioner/appellee.

Gaynes & Rockafellow, P.C. by Leighton H. Rockafellow, Tucson, for respondent/appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from a modification of a child support award.

The parties were divorced in January, 1975. Pursuant to a property settlement agreement incorporated into the dissolution decree, appellee was awarded custody of their two children and appellant was obligated to pay appellee $175 per month per child for child support until the children became eighteen years old or otherwise emancipated.

In April, 1980, appellee petitioned for modification to increase the amount of the child support award. The modification was granted after a full hearing. Effective September, 1980, appellant's child support obligation for the two children was to increase from $350 to $400 per month. Effective January, 1981, the support obligation was to increase to $435 per month. Effective January, 1982, and every January thereafter, the child support for the coming year for the two children was to be set at 30% of appellant's net income from his employment averaged over the preceding twelve months. Upon the emancipation of the first child, the support obligation would become 20% of appellant's net income. Net income from employment was defined as "gross earnings less annualized FICA, Federal and State withholding based on the actual number of exemptions to be claimed on tax returns for said preceding year, and required deductions for hospital and medical insurance".

Appellant contends that the increase in child support was an abuse of discretion because (1) there was insufficient evidence upon which to base a finding to justify the modification; (2) the court did not consider all the factors set forth in A.R.S. § 25–320 in ordering the increase; and (3) the court was not authorized by law to base future child support on a percentage of appellant's income. As to appellant's last contention, we agree.

■ A prerequisite to modification of a child support order is a showing of changed circumstances which are substantial and continuing. A.R.S. § 25–327(A). *Cf. In re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978) (modification of spousal maintenance). The determination of whether suf-

ficiently changed circumstances have occurred is a matter within the sound discretion of the trial court which will not be disturbed on appeal if supported by competent evidence. *Beck v. Jaegar*, 124 Ariz. 316, 604 P.2d 18 (App.1979). *Cf. Scott v. Scott*, 121 Ariz. 492, 591 P.2d 980 (1979) (modification of spousal maintenance).

■ Appellant argues that the court's determination that sufficiently changed circumstances existed was not supported by the evidence. We do not agree.

The evidence showed that since the 1975 dissolution decree the income of each party had increased. The increase in appellee's income was due to the fact she had become employed. The evidence also showed the current living expenses of the parties and their children. The increase in the cost of living and its effect as to child support payments was discussed, the propriety of which has been recognized by this court. *See Beck v. Jaegar*, supra. *Cf. In re Marriage of Stamp*, 300 N.W.2d 275 (Iowa, 1980) (judicially noticed the reduced purchasing power of the dollar when considering child support payments in modification proceedings); *In re Marriage of Mahalingam*, 21 Wash.App. 228, 584 P.2d 971 (1978) (recognized that these are times of economic uncertainty in which "rampant inflation" quickly diminishes the effective amount of support).

Although there was no direct evidence comparing the cost of supporting the children now with 1975, such an inference may be drawn from the evidence. Appellee testified that she thought the original child support award was adequate in 1975. She also said that it was not adequate now. She has been receiving financial assistance from her parents to meet expenses for herself and the children. She presented an accounting of her expenses showing the separate expenses of the children and those she shares with them. Appellant testified that, in 1975, $350 per month was the maximum he was able to pay. Since his income is now substantially greater, that is no longer the case.

In 1975, the children were three and five years old. At the time of the hearing, they were eight and ten. The current expenses for the children listed by appellee reflect needs not likely to have existed when they were pre-school age. Such expenses include school tuition, uniforms, and supplies, orthodontist and dentist charges, dance lessons, hobbies, and religious needs.

We therefore hold that the court's implicit finding of changed circumstances sufficient to justify modifying the child support award is supported by the evidence.

■ Appellant's assertion of insufficient evidence is based on the fact that most of appellee's evidence of her income and expenses came from her testimony. However, the credibility of witnesses is a matter peculiarly within the province of the trier of facts. *Nutter v. Bechtel*, 6 Ariz.App. 501, 433 P.2d 993 (1967). Since the trial court's conclusion is reasonably supported by the evidence, we will not interfere.

Appellant also contends that the court's increase of the child support award was arbitrary and capricious because it failed to consider all the factors listed in A.R.S. § 25-320. The court is authorized to order either or both parents to pay an amount reasonable and necessary for the support of their child after considering all relevant factors, including:

"1. The financial resources and needs of the child.

2. The financial resources and needs of the custodial parent.

3. The standard of living the child would have enjoyed had the marriage not been dissolved.

4. The physical and emotional condition of the child, and his educational needs.

5. The financial resources and needs of the noncustodial parent." A.R.S. § 25-320 [1]

■ Appellant's argument that the court based its decision solely on his income is not supported by the record. The court received evidence pertaining to these five factors. That the court concluded that an increase was appropriate does not indicate that the decision was based on appellant's increased income only. The evidence showed that the cost of supporting the children had increased and that although appellee's income also had increased, she was unable to meet the children's needs with her income and the support payment. Appellant's income had increased from approximately $19,128 to $28,247. The court implicitly found that the children's cost of support had increased and that appellant was capable of paying more. Considering all the necessary factors, the evidence supports such a conclusion. *See Roy v. Roy*, 110 Cal.App.2d 297, 242 P.2d 388 (1952). The court has broad discretion to determine the appropriate amount of child support and we will not disturb its decision if there is any reasonable evidence to support it. *Tester v. Tester*, 123 Ariz. 41, 597 P.2d 194 (App.1979).

We hold that the evidence supports the award of child support of $400 from September through December, 1980 and the increase to $435 effective January, 1981.

■ Finally, appellant challenges the trial court's provision for child support beginning January, 1982 as not authorized by A.R.S. § 25-320(A). He points to the language of the statute which authorizes the court to order a parent "to pay an amount" for child support. He contends that setting his child support obligation as a percentage of his income does not qualify as "an amount". We agree.

The only reported opinion in Arizona which deals with a support award of a percentage of the payer's income is *Lopez v. Lopez*, 125 Ariz. 309, 609 P.2d 579 (App. 1980). In *Lopez*, this court reviewed an order in a decree of separation that the

---

1. The final factor, "6. Excessive or abnormal expenditures, destruction, concealment, or fraudulent disposition of community, joint tenancy and the other property held in common," is irrelevant to this case.

husband pay to the wife 50% of his net income each week for her support and the support of their minor children. The issues on appeal were the amount of the husband's net income during certain periods and what amounts he had paid. However, the validity of the form of the award was not considered and makes this question one of first impression in Arizona.

Although the court set a specific amount for 1981, the provisions effective January, 1982 have the effect of eliminating an award of a specific amount and setting a percentage of appellant's net income as his sole support obligation. This was beyond the court's authorization. *See Newsome v. Newsome*, 237 Ga. 221, 227 S.E.2d 347 (1976); *Stanway v. Stanway*, 70 Mich.App. 294, 245 N.W.2d 723 (1976). In the extreme case under the terms of this obligation, if the appellant has no income he is not liable for any child support regardless of his ability to pay. Likewise, if his income greatly increases his liability for his children's support may exceed their reasonable support needs. Consequently, the percentage of net income award is focused on a single factor, the appellant's income, instead of all the factors as required in A.R.S. § 25–320.

■ Furthermore, we believe that a support award must be certain and definite based upon present conditions and not made to depend on uncertain contingencies or hypothetical earnings or income. *Breiner v. Breiner*, 195 Neb. 143, 236 N.W.2d 846 (1975); *Christoffersen v. Christoffersen*, 151 Neb. 763, 39 N.W.2d 535 (1949).

The record reflects the concern of both parties over the effect the current inflationary trends have on the cost of living and supporting their children. In *Beck v. Jaegar*, supra, we recognized inflation as a matter of common knowledge and as a proper factor to consider in determining the need for increased child support payments.

■ Nothing in A.R.S. § 25–320 prevents the trial court, in appropriate circumstances, from placing an automatic adjustment on a specific amount to preserve the real value of the award against modification by inflation. *See Branstad v. Branstad*, 400 N.E.2d 167 (Ind.App.1980); *In re Marriage of Stamp*, supra. In *Branstad*, the Indiana Court of Appeals upheld a specific child support award which was to be adjusted annually by the percentage change in the Consumer Price Index. The court observed that such an adjustment simply assures that the buying power equal to the original award will be available to the children in succeeding years. The court approved the adjustment provision because it:

"(1) gives due regard to the actual needs of the child, (2) uses readily obtainable objective information, (3) requires only a simple calculation, (4) results in judicial economy, (5) reduces expenses for attorney fees, and (6) in no way infringes upon the rights of either the custodial parent or the non-custodial parent to petition the court for modification of the decree due to a substantial and continuing change of circumstances." *Id.* at 171.

"Most certainly a parent could petition the court for the purpose of showing that his or her income had not increased sufficiently to enable that person to meet increases in support obligations caused by the adjustments for the changes in the Consumer Price Index." *Id.* at 171 fn. 4.

In *Stamp*, the Supreme Court of Iowa held that the particular fact situation was one well-suited to imposition of a child support escalation clause based on the Consumer Price Index, limited by the easily ascertainable changes in the father's gross salary. In ordering the inclusion of such a clause in the support award, the court cited as determining factors that the father's gross salary was easily ascertainable without resort to tax returns, the employment and salary history of both parents was stable, and the record did not reflect substantial, prospective changes in the various other relevant factors.

However, an award of a percentage of appellant's income will not necessarily re-

flect the future effects of inflation. *But see In re Marriage of Mahalingam,* supra (upheld an award of a specific award for child support plus 20% of any net increase in salary from his employer the father might receive plus 10% of his net income from any other source).

We vacate the provisions dealing with child support effective January, 1982 and for reduction of child support upon the emancipation of one child; we affirm all other provisions for child support and visitation, and remand to the trial court to enter judgment consistent with this opinion.

HATHAWAY, C. J., and HOWARD, J., concur.