HEMPTON v HEMPTON

Docket No. 53837. Submitted October 13, 1981, at Detroit.—Decided December 8, 1982. Leave to appeal denied, 417 Mich 1071.

Plaintiff, Walter Hempton, and defendant, Harriet Frances Hempton, were divorced, Oakland Circuit Court, and the judgment incorporated a property settlement whereby plaintiff agreed to pay alimony to defendant in the amount of $1,000 per month with a yearly escalator equal to the percentage rise in the U.S. Department of Labor's index of the cost of living in Detroit. Defendant filed a motion for an order to show cause why plaintiff should not be held in contempt of court for failure to abide by the alimony provision of the divorce judgment and to specify the amount of monthly alimony payments due. Defendant claimed and plaintiff admitted that plaintiff had made monthly alimony payments of $1,000 but had never paid any increase based on the increase in the cost of living. Plaintiff argued that the inclusion of an escalator clause in the alimony provision had been erroneous and, alternatively, that changed circumstances justified a modification of the alimony provision. William John Beer, J., held that the escalator clause of the alimony provision was void and denied defendant's claim for past-due alimony. Defendant appeals. *Held:*

In an alimony judgment an escalator clause which is tied to increases in the cost of living is not invalid per se.

Reversed and remanded.

Divorce — Alimony — Child Support — Escalator Clauses.

The use of escalator clauses as a basis for alimony judgments

References for Points in Headnote

24 Am Jur 2d, Divorce and Separation §§ 660, 682, 848, 850.

Validity and enforceability of escalation clause in divorce decree relating to alimony and child support. 19 ALR4th 830.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

may not be appropriate in every case but is a tool which should not be denied to judges who must find equitable solutions to difficult support problems; in an alimony award, an escalator clause which is tied to increases in the cost of living is not invalid per se.

*Pugh & Pugh, P.C.* (by *Robert L. Pugh*), for plaintiff.

*McFarland & Bullard* (by *Robert E. McFarland*), for defendant.

Before: MacKenzie, P.J., and Bronson and Beasley, JJ.

Per Curiam. The parties were married on September 14, 1943, and plaintiff husband filed a complaint for divorce on May 13, 1974. The parties were able to reach a negotiated settlement and on September 30, 1974, the parties executed a property settlement agreement. The agreement provided for alimony for defendant wife as follows:

"Husband agrees to pay to Wife the following amount, until he retires from active employment.

"A. One Thousand Dollars ($1,000.00) per month, payable on the date of execution of this Agreement, and on the same date of each and every month thereafter, provided that such sum shall be increased on the yearly anniversary date of the execution of this Agreement, by a percent equal to the percentage raise in the U.S. Department of Labor costs of living standards for Detroit, Michigan, over the corresponding yearly period.

"B. After the Husband retires from active employment, he agrees to pay to his wife the following amount:

"Twenty-Five (25%) percent of the Husband's gross income from all sources.

\* \* \*

"These payments will be continued in accordance

with the schedule set out above until such time as the Wife dies or remarries."

Defendant's pleadings were withdrawn by stipulation and a judgment of divorce was entered on September 30, 1974. The judgment incorporated by reference the provision of the property settlement concerning alimony.

On March 4, 1980, defendant filed a motion for an order to show cause why plaintiff should not be held in contempt of court for failure to abide by the alimony provision of the divorce judgment. Defendant also filed a motion to specify the amount of monthly alimony payments due. Defendant claimed and plaintiff admitted that plaintiff had made monthly alimony payments of $1,000 but had never paid any increase based on the increase in the cost of living. In response to the circuit judge's order to show cause, plaintiff argued that the inclusion of an escalator clause in the alimony provision had been erroneous and, alternatively, that changed circumstances justified a modification of the alimony provision. In an opinion dated August 5, 1980, the circuit judge held that the escalator clause of the alimony provision was void, citing *Stanaway v Stanaway,* 70 Mich App 294; 245 NW2d 723 (1976). On September 3, 1980, an order was entered declaring the escalator clause of the alimony provision to be void and denying defendant's claim for past-due alimony. Defendant appeals by right.

In *Stanaway,* pp 295-296, the Court was confronted with a judgment of divorce which required plaintiff father to pay a percentage of his adjusted gross income as child support. The Court held:

"MCL 552.17; MSA 25.97 reads as follows:
" 'The court may, from time to time afterwards, on

the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require.'

"An escalator clause violates both the spirit and the letter of this statute. First, it abrogates the requirement for petition by allowing the continual (here, yearly) alteration of the judgment as to amount of support. Second, and more important, it focuses exclusively on the 'circumstances' of the paying parent while ignoring the complex of factors relating to the 'benefits of the children' and their changing or unchanging needs. See *Stern v Stern,* 327 Mich 567; 42 NW2d 738 (1950); *Herpolsheimer v Herpolsheimer,* 318 Mich 200; 27 NW2d 530 (1947); *Davis v Davis,* 8 Mich App 104; 153 NW2d 879 (1967)."

The *Stanaway* Court distinguished *Anneberg v Anneberg,* 367 Mich 458; 116 NW2d 794 (1962), on the ground that the escalator clause approved in *Anneberg* had an upper limit. See also *Hagbloom v Hagbloom,* 71 Mich App 257; 247 NW2d 373 (1976), in which the Court, relying on *Stanaway,* reversed a support order containing an escalator clause and instructed the trial judge on remand not to utilize an escalator clause without an upper limit. *Stanaway* was criticized in *Hakken v Hakken,* 100 Mich App 460, 467-468; 298 NW2d 907 (1980):

"We are aware that judges in practice have used escalator clauses in child support orders where the supporting parent has a variable income or has been the recipient of rapid promotions. This use brings about a result based on ability to pay. The real argument against escalator clauses is that they are difficult to administer if there is resistance to compliance and they are highly dependent on tax returns, which do not necessarily reflect ability to pay and do not take into account the needs of the child.

"However, even though escalator clauses are sometimes used, there has been a paucity of appellate cases concerning their usage which is indicative that they do work for they are ordinarily tied to ability to pay. Escalator clauses are not appropriate in every case, but they are tools which should not be denied to judges who must find equitable solutions to difficult support problems.

"The panels in both *Stanaway, supra,* and *Hagbloom, supra,* find support in *Anneberg, supra,* for the requirement that there must be a ceiling on an escalator clause. We cannot find such support."

We agree with the *Hakken* panel that *Anneberg* does not support a requirement of a ceiling on an escalator clause.

The escalator clause at issue here is distinct from those involved in *Anneberg, Stanaway, Hagbloom,* and *Hakken* in at least two respects: (1) the clause deals with alimony rather than child support; and (2) the clause is tied to inflation rather than increases in income. However, there is no difference between alimony and child support which is relevant to the validity of escalator clauses. In both instances, the court must consider the needs of the party for whose benefit the support award is made and the ability of the other party to pay. Compare *Hagbloom, supra,* p 259, with *McLain v McLain,* 108 Mich App 166, 171-172; 310 NW2d 316 (1981).

At least three courts have explicitly approved escalator clauses tied to the cost of living. In *In re Marriage of Stamp,* 300 NW2d 275 (Iowa, 1980), the Supreme Court of Iowa ruled that the trial court erred in denying the wife's request for annual automatic cost-of-living adjustments in the child support award. The court stated that such adjustment clauses were best for all concerned as they minimized the risks of yearly battles over the

support obligation and reduced legal expenses and animosity between the parties.

In *Branstad v Branstad,* 400 NE2d 167, 171 (Ind App, 1980), the Court cited a number of reasons for endorsing the type of escalator clause under consideration here:

"In summary, we approve the court's order prescribing an adjustment in the amount of child support based upon changes in the Consumer Price Index because the provision (1) gives due regard to the actual needs of the child, (2) uses readily obtainable objective information, (3) requires only a simple calculation, (4) results in judicial economy, (5) reduces expenses for attorney fees, and (6) in no way infringes upon the rights of either the custodial parent or the non-custodial parent to petition the court for modification of the decree due to a substantial and continuing change of circumstances." (Footnote omitted.)

Quoting the above passage, the Arizona Court of Appeals in *Brevick v Brevick,* 129 Ariz 51; 628 P2d 599 (1981), also gave its stamp of approval to the type of escalator clause which is tied to inflation, although the Arizona court cited this Court's decision in *Stanaway* as authority for the proposition that escalator clauses setting support obligations as a percentage of the paying party's income go beyond the power of the court.

Some courts from other jurisdictions have reached contrary results. See *Busby v Busby,* 11 Ill App 3d 426; 296 NE2d 585 (1973); *McManus v McManus,* 38 Ill App 3d 645; 348 NE2d 507 (1976); *Greene v Greene,* 372 So 2d 189 (Fla App, 1979); *Stoler v Stoler,* 376 So 2d 253 (Fla App, 1979), and *Fitts v Fitts,* 231 Ga 528; 202 SE2d 414 (1973). But see *Golden v Golden,* 230 Ga 867; 199 SE2d 796 (1973). We believe that cases such as *Stamp, Branstad,* and *Brevick* are better reasoned. Approval of

escalator clauses which are tied to increases in the cost of living provide a number of benefits as *Stamp, Branstad,* and *Brevick* all suggest. The purpose of such escalator clauses is to maintain the real value of the original support award. The main effect of such escalator clauses is to relieve the nonpaying party from having to request annual modifications of the support award to maintain its value. In *Bickham v Bickham,* 113 Mich App 408, 413; 317 NW2d 642 (1982), the Court found that inflation was a relevant but not dispositive factor in deciding a petition for modification of support. *Bickham* shows that there is a reasonable relationship between inflation and increased need of the nonpaying party. In view of this relationship, we cannot say that an escalator clause tied to inflation is necessarily contrary to public policy. The paying party may still petition for a modification if circumstances have changed or his personal income has not increased sufficiently to enable him to meet the adjusted support obligation. See *Stamp, supra,* p 280; *Branstad, supra,* p 171, fn 4; *Brevick, supra,* p 54.

Since the trial judge found the escalator clause invalid per se, he did not address the issue of whether changed factual circumstances justified a reduction in plaintiff's alimony obligations. Consequently, this matter must be remanded for an evidentiary hearing to give the trial court an opportunity to assess plaintiff's assertion of changed circumstances.

We must also require the trial court to re-examine the issue of whether plaintiff's alimony arrearages should be canceled. The lower court canceled the arrearages because it concluded that the escalator clause was invalid. However, as outlined in this opinion, we disagree. The power to modify an

alimony provision in a divorce judgment includes the power to cancel arrearages. *Barker v Barker,* 366 Mich 624, 625; 115 NW2d 367 (1962); *Pohl v Pohl,* 13 Mich App 662, 664-665; 164 NW2d 768 (1968). Here, however, the arrearages were canceled due to the trial court's mistaken impression of Michigan law. On remand, the trial court may cancel the arrearages only if plaintiff establishes a material change in circumstances justifying such cancellation.

Reversed and remanded for proceedings consistent with this opinion. Defendant-appellant may tax costs.