## Clarence Roya v. Carolyn Roya

[494 A.2d 132]

No. 83-118

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 29, 1985

*Valsangiacomo, Detora & McQuesten,* Barre, for Plaintiff-Appellant.

*Jan M. Sensenich* and *Susan Cummings,* Student Intern (On the Brief), Woodbury Associates Legal Clinic, Montpelier, for Defendant-Appellee.

**Hill, J.** This is an appeal, by the plaintiff, Clarence Roya, challenging two clauses contained in the Final Order and Decree of divorce issued by the Washington Superior Court. The plaintiff initiated a divorce action against the defendant. Following a hearing, the superior court issued findings of fact, conclusions of law, and orders regarding, inter alia, custody, child support and spousal maintenance. The court ordered custody of the parties' three children to the defendant, and ordered the plaintiff to pay the defendant $40.00 per week per child as child support and $30.00 per week as maintenance. The maintenance payments were to continue for a period of ten years or until the defendant remarries. The court's orders regarding both child support and spousal maintenance included the following automatic adjustment provision:

> This amount shall be adjusted each July 1, commencing July 1, 1984, to reflect the preceding year's fluctuation in the cost of living.

The plaintiff objected to the inclusion of this provision in the court's orders. He filed a Motion to Amend the Final Judgment Order, and requested the court to strike this provision from the orders. The motion was denied and the plaintiff appeals. We remand the case for modification of the Final Judgment Order consistent with this opinion.

We begin with the premise that trial courts have wide discretion within the limits set by Title 15, to formulate the measure and manner of awards regarding maintenance and support. See *Berard* v. *Berard,* 140 Vt. 537, 538–39, 442 A.2d 49, 49 (1982) (discretion regarding support payments) ; *Field* v. *Field,* 139 Vt. 242, 244, 427 A.2d 350, 352 (1981) (discretion regarding awards of alimony) ; *Romano* v. *Romano,* 133 Vt. 314, 316, 340 A.2d 63, 64 (1975) (discretion regarding measure and manner of implementing duty of support).

In Vermont, the factors to be considered by trial courts in formulating orders for child support and spousal maintenance are set forth respectively in 15 V.S.A. § 651(c) (Supp. 1984) and 15 V.S.A. § 752(b) (Supp. 1984). Included in both these

sets of factors is : "inflation with relation to the cost of living." 15. V.S.A. §§ 651 (c) (7), 752 (b) (7). The provisions at issue in the instant case, which adjust the amount of child support and spousal maintenance payments each year based on "the preceding year's fluctuation in the cost of living," are clearly a means of providing for variations in the cost of living due to inflation. Because the statute permits the trial court, in formulating its orders, to consider "inflation with relation to the cost of living," a provision providing for this is not per se invalid.

## I.

The plaintiff claims that the trial court's inclusion of the automatic adjustment provision in its orders constitutes an abuse of discretion. He alleges that the provision, in effect, modifies the orders each year in a manner contrary to the statutory scheme for modification of child support and spousal maintenance orders, and that they are therefore invalid. We disagree.

■■ An automatic adjustment provision in an order for maintenance or support, which provides for changes in the cost of living, does not constitute an invalid modification of that order. *Brevick* v. *Brevick*, 129 Ariz. 51, 54, 628 P.2d 599, 602 (Ariz. Ct. App. 1981); *Branstad* v. *Branstad*, — Ind. App. —, —, 400 N.E.2d 167, 170–71 (1980) ; *In re Stamp*, 300 N.W.2d 275, 278–80 (Iowa 1980) ; *Hempton* v. *Hempton*, 122 Mich. App. 4, 329 N.W.2d 514 (1982). Rather, it is merely a practical means of assuring that the buying power of the original orders continues to be available. *Brevick, supra; Branstad, supra.* The case of *Branstad, supra,* sets forth six persuasive and frequently cited reasons for approving an automatic adjustment in the amount of child support based upon changes in the Consumer Price Index. That court noted that an automatic adjustment provision

> (1) gives due regard to the actual needs of the child, (2) uses readily obtainable objective information, (3) requires only a simple calculation, (4) results in judicial economy, (5) reduces expenses for attorney fees, and (6) in no way infringes upon the rights of either the custodial parent or the non-custodial parent to petition the court for

modification of the decree due to a substantial and continuing change of circumstances.

*Id.* at —, 400 N.E.2d at 171 (footnote omitted); accord *Brevick, supra,* 129 Ariz. at 54, 628 P.2d at 602; *Stamp, supra,* 300 N.W.2d at 279; *Hempton, supra,* 122 Mich. App. at 9, 329 N.W.2d at 517. Although *Branstad* only dealt with child support and not spousal maintenance, we find the reasoning equally applicable to both areas. See *Hempton, supra,* 122 Mich. App. at 8, 329 N.W.2d at 516 (recognizing no difference between alimony and child support relevant to validity of adjustment provisions). Consequently, we hold that an automatic adjustment provision providing for changes in the cost of living does not constitute an invalid modification of a child support or spousal maintenance order.

## II.

The plaintiff also argues that, as written, the provision at issue in the orders is unenforceably vague. The orders state that the amount to be paid for support and maintenance "shall be adjusted each July 1, . . . to reflect the preceding year's fluctuation in the cost of living." The orders do not state how such changes in the cost of living are to be determined. Cases from other jurisdictions upholding similar automatic adjustment provisions have always involved adjustments specifically based on the Consumer Price Index. *Brevick, supra; Branstad, supra; Stamp, supra; Hempton, supra.* When based on an index, such as the Consumer Price Index, these adjustments are easy to calculate and use readily obtainable objective information. *Branstad, supra,* — Ind. App. at —, 400 N.E.2d at 171. Failure to set forth a basis for arriving at the change in the preceding year's cost of living is fatal, because instead of promoting judicial economy by avoiding the necessity of modification proceedings, it may instead require judicial resources to resolve how the change in the cost of living is to be determined.

An adequately clear order should set forth a simple and workable formula which can be used each year to determine what the change in the payments will be. The formula must provide for adjustments to be made in a manner which is based on readily obtainable information. The formula should

also provide for situations in which the payor's income does not keep pace with inflationary increases in the cost of living. See, e.g., *Stamp, supra,* 300 N.W.2d at 279 (increase limited by changes in payor's gross salary). An order issued pursuant to these guidelines will not only insure that variations in the cost of living will be provided for, but will also insure that each adjustment can be easily determined, and that no undue hardship will be placed on the party paying support or maintenance.

*Cause remanded for modification of the Final Order consistent with this opinion.*