GLENWOOD JAMES BOYLES, APPELLEE, v. RUBY JOYCE
BOYLES, APPELLANT.
213 N. W. 2d 729

Filed January 4, 1974. No. 39162.

Fisher & Fisher, for appellant.

Wade H. Ellis, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a child custody proceeding brought by defendant, the mother of David Lee Boyles. The divorce decree awarded custody of the child to Melvin and Faye Boyles, husband and wife. The court refused to change the child's custody. We affirm the judgment entered.

David was born May 6, 1968, to plaintiff and defendant who subsequently married on April 19, 1969. They

were divorced May 5, 1972. Custody of David was awarded to plaintiff's brother and sister-in-law who reside in Arthur, Nebraska. Both are school teachers and they have two daughters of their own. It is conceded that they have provided a good home for David and taken good care of him.

After plaintiff and defendant separated defendant lived with Raymond Stites under the name of Stites. A boy was born to them on July 27, 1971, and a second boy was born to them a few days after the marriage of defendant and Raymond Stites on November 13, 1972.

It is defendant's contention that there has been a change in circumstances since she has now remarried and has a home provided by her present husband. She further urges that as his natural mother she is entitled to David's custody.

It is true that ordinarily a natural parent is preferred when questions regarding child custody arise. However, the paramount issue is the welfare of the child. "In determining the question of who should have the care and custody of children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children." Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682.

A detailed recital of the evidence would serve no purpose. It is apparent that the child now has an excellent home in stable surroundings. He is well and lovingly cared for in all respects. At the time of the hearing in the trial court, defendant's marriage to her present husband had existed for about 5 months. In view of defendant's past moral habits and instability, it is difficult to ascertain how her present marital venture will turn out and whether or not she can maintain a proper home for the child.

"A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is un-

fit for that purpose or that the best interests of the children require such action.

"The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Gilman v. Riis, 190 Neb. 409, 209 N. W. 2d 173.

It clearly appears that the persons presently having custody of David are fit for that purpose and it does not appear that his best interests require a change of custody. We fail to find an abuse of discretion by the District Court and the judgment of that court is affirmed.

AFFIRMED.