148 N.J. Super. 259 (1977)
372 A.2d 624
ALBERT IONNO, PLAINTIFF-RESPONDENT,
v.
BARBARA IONNO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1977.
Decided March 14, 1977.
*260 Before Judges BISCHOFF, MORGAN and KING.
Mr. Ronald Silber argued the cause for appellant (Messrs. Leavitt, Talley & Krevsky, attorneys).
Mr. Vincent P. Cozzi argued the cause for respondent.
PER CURIAM.
This appeal raises the question of the extent to which fault of a spouse can be considered as determinative of the spouse's obligation to support the children of the marriage.
The material facts are not in dispute. Plaintiff husband was granted a divorce for his wife's admitted adultery. She is presently in residence with her paramour. Custody of the three children of the marriage was given to the husband, apparently with the consent of the wife. None of the children is of a self-supporting age and the record is devoid of any suggestion that they enjoy independent means.
Plaintiff husband is 43 years of age, presently unemployed and permanently disabled by a heart condition which manifested itself in February 1973. His income consists of Social Security payments in the amount of $326 monthly for himself and $274 a month for the children. Additional income in the amount of $70 a month from the Veterans Administration results in his receiving a total tax-free income of $670 a month. His present circumstances are aided by the fact that he and the children live in a house owned by his parents, for which he will be charged no rent until his financial situation improves.
Defendant wife has a gross income of $154 a week, $100 after deductions for taxes and Social Security. She claims *261 $469 in expenses based upon half the living expenses for the accommodations she shares with her paramour as well as her own personal expenses.
The trial court order that defendant wife pay $15 a week per child as her contribution to their support provides the principal concern of her appeal. Although we have no quarrel with the amount assessed, we have little doubt from the record that perceived fault of the wife furnished at least one basis for the award. In ordering the wife's contribution the trial judge said:
* * * More particularly since the days of Women's Lib the Court is inclined to order the mother to support and maintain the children as well as the father. The days of the mid-Victorial clinging vine type of wife went out with the bustle skirts a long time ago. Particularly in this case where you've got a faultground of adultery on the part of the wife who has forsaken her maternal instincts and gone off with someone else. The Court is clearly convinced that she's living in a lewd and open relationship with this other man and had the plaintiff father wanted to in this case, he could have had her arrested for open lewdness and charged her with adultery with the co-respondent which is an indictable offense.
However, he did not do that, and I assume he did not do that because of the welfare, safety, preservation of the morals of the young children born of the marriage, particularly the two older girls. The Court will therefore direct that the defendant Barbara Ionno pay the sum of $15 a week for the support, maintenance of the children. Said payment to be made through the Hudson County Probation Department.
Defendant wife contends that the trial judge's consideration of her fault as a basis for ordering her to contribute to the support of her children is error. Although we recognize that parents equally share a duty to support their children except when circumstances cast a greater burden on one or the other, Cohen v. Cohen, 6 N.J. Super. 26, 30 (App. Div. 1949); Grotsky v. Grotsky, 58 N.J. 354, 356 (1971); Bruguier v. Bruguier, 12 N.J. Super. 350, 353 (Ch. Div. 1951), we agree with defendant that fault is not a proper consideration for determining the extent to which that duty shall be imposed upon either parent in a particular case. The obligation *262 of support springs from the parental relationship and is affected only by the needs of the children and the means of the parent to fulfill the obligation. Fault between the parents is irrelevant to the existence or the extent of the obligation. Hence, we conclude that the trial judge erred in considering the wife's conduct as a basis for ordering her to contribute to the support of her children.
We therefore remand the matter to the trial judge for redetermination of defendant's obligation to her children without considering her adultery. Proper considerations would include the fact that plaintiff has the responsibility for the day-to-day care of the children, that he is unemployed and permanently disabled, the extent of his income and defendant's income, the needs of the children, and the needs of each parent. See Mowery v. Mowery, 38 N.J. Super. 92, 100 (App. Div. 1955), certif. den. 20 N.J. 307 (1956). Findings of fact should be made with respect to any fact in dispute, and the extent of defendant's obligation to contribute to her children's support should be declared.
Finally, defendant's contention that the trial judge should have determined who should pay outstanding bills has merit; the judge should not have left resolution of the issue to the county district court in which litigation concerning the bills is pending. Proper allocation of the responsibility for the debts as between husband and wife does not necessarily track legal responsibility therefor to a third party.
The award of counsel fees is affirmed as being within the proper scope of the trial judge's discretion.
Reversed and remanded for further proceedings consistent with this opinion. We retain jurisdiction.