GARRISON, Judge.
On January 12, 1963, Patricia Hynes Adam and J. Donald Kelley were married. Three children were born of the marriage: Kevin, who is now age 14, Timothy, who is now age 13, and Glenn, who is now age 11. A default judgment of divorce granting custody to Mr. Kelley was rendered on March 25, 1975. The judgment of divorce was silent as to any provisions for child support. On October 4, 1978, Mr. Kelley moved to fix child support payments. On November 13, 1978, the district court rendered judgment denying Mr. Kelley’s request for child support. From that judgment, he appeals.
Clearly this court has full and competent jurisdiction to review the facts before us. La. Constitution of 1974, Art. 5, § 10(B), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) at 1333. In applying the proper standard for the review of facts on appeal, we conclude that the judgment of the district court in failing to award child support to Mr. Kelley was manifestly erroneous.
Mr. Kelley is an electrical engineer employed by Kelco Corporation. Additionally, he owns one half of the stock of the corporation.[1] (Tr. p. 12) Mr. Kelley earned $34,-494.00 gross in 1977 and his tax liability was approximately $6,000.00 resulting in net income of approximately $28,000.00. (Tr. p. *1070 8) He resides with the children in a house situated on two lots in a Lake Vista subdivision purchased for $45,000.00 in 1975. His equity based on purchase price is $10,000.00. (Tr. p. 12) Mr. Kelley drives a car which is rented and serviced by the corporation. The corporation also pays for gasoline. (Tr. p. 12) Additionally, he has a seventeen and a half foot inboard boat with a fiberglass hull purchased in 1971 for $2,000.00 (Tr. p. 16) In July of 1978, he expended $20,000.00 in cash to purchase a warehouse and lot of which he is presently half owner. The uninsured warehouse was destroyed as a result of arson (Tr. p. 16) and no evidence was introduced to show the value of an unimproved lot on Thalia Street. Mr. Kelley received $11,280.00 cash plus full ownership of the corporate stock as his half interest in the community property partition. (Tr. p. 25) He presently has $26,700.00 in savings accounts.[2]
Mr. Kelley itemizes his living expenses as follows:
ITEM TOTAL - PARENT CHILD MONTHLY EXPENSE
Notes on residence $289.00 $144.50 $144.50
Pood 420.00 105.00 315.00
Utilities 80.00 30.00 50.00
Telephone. . 12.00 6.00 6.00
Medical 188.00 30.00 158.00
Automobile repairs 41.00 20.50 20.50
Haircuts 16.00 4.00 12.00
Cleaning, pressing, laundry 25.00 25.00
School, tuition, lunches, nn„ ,. 205.00 supplies 206.00
Summer school and camp 50.00 50.00
Clothing, uniforms, shoes 97.90 50.00 47.90
Books 10.00 10.00
Personal items 20.00 5.00 15.00
Housekeeper, sitter 260.00 260.00
Newspaper 3.80 3.80
Tax accountant fees 20.00 20.00
Linens 10.00 2.50 7.50
Kitchen utensils, dishes, etc. 5.00 1.50 3.50
Recreation 80.00 40.00 40.00
Gifts 25.00 25.00
Vacation 33.00 11.00 22.00
Contributions 10.00 10.00
Attorney fees and mise. 60.00 60.00
Insurance, home, auto, life 125.00 25.00 100.00
Totals $2086.70 $533.80 $1552.90
Mr. Kelley contends that his net income of $28,000.00 per year is insufficient to meet his monthly expenses of $2,086.70 for the ten months per year when he has custody of the boys. He states that he is forced to withdraw from his savings account the sum of $2,000.00 annually in order to meet expenses. (Tr. p. 6)
Patricia Hynes Cleary remarried and presently resides in Lake Charles, Louisiana. She is employed as a part-time dietician. Her gross earnings were approximately $5,000.00 in 1977 and $4,000.00 in 1978 (Tr. pp. 30-31), half of which are the community property of her new spouse. Likewise she has a community property interest of $12,000.00 in the $24,000.00 annual gross earnings of her spouse. Mr. and Mrs. Cleary purchased a house for the price of $37,200.00 on which $24,000.00 is owed. (Tr. p. 35) They have $1,379.00 in a savings account in Lakeside National Bank. (Tr. p. 34) Mrs. Cleary received $39,180.00 from the community property partition which is held in the name of the three children by the Whitney Bank. (Tr. pp. 33 and 48) Additionally, Mrs. Cleary has placed $8,000.00 in the name of each child in three accounts at Greater New Orleans Homestead. (Tr. p. 32) Mr. and Mrs. Cleary have two cars, but no boat. Mrs. Cleary has custody of the three boys for two months of the year during which time she supports them. She travels to New Orleans once a month to spend the week-end with the children. (Tr. pp. 38-39) Mrs. Cleary itemizes her monthly expenses as follows:
House note and insurance $241.00
Electricity 70.00
Water 6.00
Telephone 30.00
Gasoline 75.00
Groceries 200.00
Other insurance 32.00
Pest conrol 8.00
Drugs 25.00
St. Margaret Church 30.00
House repairs 50.00
Doctor bills 30.00
Clothing 100.00
Entertainment 50.00
Visiting children in N.O. 200.00
*1071 Newspaper 3.75
Mise, dry cleaning; clothes; drapes; carpets 20.00
Beauty shop 7.00
Professional dues 45.00
ADA dues 50.00
Lake Chas. Dietician Assoc. 10.00
Workshops 50.00
Travel to 3-state conv. 375.00
485.00
Spouse’s professional dues 119.00
Professional publications 153.51
Hard-toe shoes 14.00
286.51
Contributions to charity 35.00
Car maintenance 70.00
Cable T.V. 6.90
Vacation (savings) 75.00
Husband’s expenses (lunches, cigarettes) 100.00
$1533.65
salary 1483.21
deficit of $50.44
Children’s Expenses
Vacation 1978:
Disneyworld airfare $394.00
Room, meals, tickets 450.00
Rental car 89.00
Total (five persons) $933.00
Children’s clothing (annual) $175.00
Haircuts 31.50
Additional meals (during summer) 50.00 (monthly)
Additional electricity (summer) 30.00 (monthly)
Christmas, toys, Christmas clothes 237.84
We find that the trial judge erred in failing to award child support payments to Mr. Kelley. C.C. Art. 227 creates an obligation of child support on the part of both husband and wife. We find that the two months custody and support per year, as well as a monthly visit and its expenses, are insufficient to meet the mutual obligation of support where a working parent fails to contribute cash to the custodial parent for routine monthly expenses.
Accordingly, we reverse the judgment of the district court and render judgment in favor of J. Donald Kelley, recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that defendant' Patricia Hynes Adam Cleary is condemned to pay to plaintiff J. Donald Kelley for the benefit and support of their three minor children, Kevin Kelley, Timothy Kelley, and Glenn Kelley, the total sum of TWO HUNDRED AND NO/ONE HUNDREDTHS ($200.00) DOLLARS per month for ten months annually, namely January, February, March, April, May, June, August, September, October, and November, such amount to be due and payable on the first day of each month, payments to commence on February 1, 1980.

REVERSED, RENDERED AND RECAST.

. Neither the present value of the stock nor the present net worth of the corporation are contained within the record.

. $15,000.00 in certificates of deposit in Jackson Homestead (Tr. p. 14) $11,500.00 in a savings account in Jackson Homestead (Tr. pp. 7 and 14) $200.00 in a passbook account (Tr. p. 14)