NORESE MEYSENBURG, APPELLANT, V.
GARY MEYSENBURG, APPELLEE.

303 N.W.2d 783

Filed March 27, 1981.  No. 43428.

Walter J. Matejka for appellant.

James W. Moriarty for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The appellant, Norese Meysenburg, appeals from an order entered by the District Court for Douglas County,

Nebraska, awarding physical custody of the minor child of Norese Meysenburg and her former husband, Gary Meysenburg, to Gary Meysenburg, subject to further review by the court in 6 months from the date of the decree. She further appeals from the same order which also required her to pay $80 per month child support toward the support of the parties' minor child. For reasons which we will more carefully detail hereinafter, we affirm the judgment of the trial court.

The record discloses that Norese Meysenburg and Gary Meysenburg were married on April 5, 1979, in Omaha, Nebraska. During the marriage one child was born to the parties, Chad Meysenburg, born June 20, 1979. Norese was, at the time of trial, 19 years old and employed as a nurse's aide at Methodist Hospital in Omaha, Nebraska. She was a high school graduate and was earning $4.06 per hour at the hospital. She resided with her parents, her brother, and a sister in her parents' home in Omaha, Nebraska.

Gary Meysenburg was, at the time of trial, 21 years of age, a high school graduate, and employed by Werner Paint Company, earning $135 per week. He, likewise, resided with his parents at his parents' home in Omaha, Nebraska.

The record indicates without contradiction that both mother and father love their child and desire to be the principal parent to raise the child, though each of them would require assistance from their respective parents due to the fact that both are employed. The rules with regard to matters of this type are easy to pronounce but extremely difficult to apply. Above all other considerations in determining the question of who should have custody of a minor child upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the child. See, Neb. Rev. Stat. § 42-364 (Reissue 1978); *Boyles v. Boyles*, 191 Neb. 66, 213 N.W.2d 729 (1974).

Norese urges us to find that the best interests and welfare of a child are served by awarding custody to the

natural mother. Whatever may have once been the view with regard to this matter, it is now clear that where the issue of child custody is involved both the mother and father have an equal and joint right to the custody of their children. The test for determining custody, which has been reiterated by this court many times in recent years, is the best interests of the child. See *Theye v. Theye*, 200 Neb. 206, 263 N.W.2d 92 (1978).

Setting out all of the claims and counterclaims made by the parties to this action would serve little purpose. Nor would such a recitation give insight to litigants with regard to future matters or bring the parties together insofar as the future raising of their minor child is concerned. Suffice it to say that an investigative report was made in this case by the conciliation court counselor at the request of the trial court and submitted to the trial court. The report recommended that physical custody which had been granted temporarily to Gary should now be permanently granted to Gary, subject to further review by the District Court.

When one reads the entire record in this case, one must conclude that the decision by the trial court was supported by the evidence and does not in any manner indicate an abuse of discretion as urged by Norese. Norese argues that it is in the best interests of the child that he be placed with her and not with Gary. The evidence simply does not support that conclusion.

It may very well be that the best interests of Norese would support a claim that the child be placed with her. As we have already indicated, however, our principal concern is not the best interests of the mother but with the best interests of the child. We review the record de novo, giving due regard to the trial court which had the opportunity to observe the witnesses. After de novo review of the evidence, we conclude that it is in the best interests of the child that he remain in the custody of his father.

Having concluded that the trial court was not in error in awarding custody of Chad to Gary, we are, likewise,

unable to conclude that the trial court was in error in requiring Norese to participate in providing for the support of Chad. Nothing in the applicable statutes or case law indicates that a mother, not having custody of a minor child, may not be required to pay child support, and, in fact, the opposite applies. See § 42-364. The court is required to consider the earning capacity of each parent, together with other attendant circumstances. See, *Lynch v. Lynch*, 195 Neb. 804, 241 N.W.2d 123 (1976); *Hermance v. Hermance*, 194 Neb. 720, 235 N.W.2d 231 (1975). A decision on the amount to be awarded as child support rests in the sound discretion of the trial court and will not be disturbed on appeal unless it appears that the court abused its discretion. See *Sommers v. Sommers*, 191 Neb. 361, 215 N.W.2d 84 (1974).

Accordingly, we affirm the judgment of the trial court.

AFFIRMED.