HERMAN v HERMAN

Docket No. 52004. Submitted June 15, 1981, at Lansing.—Decided
     September 8, 1981.

     Catherine A. Herman obtained a judgment of divorce from
     Thomas C. Herman. Thomas was awarded custody of two of the
     couple's five children and Catherine was awarded custody of
     the other three. In an amended judgment, each party was
     ordered to pay child support for the children in the custody of
     the other, Genesee Circuit Court, Philip C. Elliott, J. Catherine
     Herman appeals, alleging that the trial court erred in ordering
     her to pay child support for the children in Thomas Herman's
     custody. *Held:*

     1. Plaintiff argues that the trial judge abused his discretion
     by ordering her to pay a percentage of her income, but not less
     than a fixed sum. The trial judge did not so order. He used a
     percentage of the plaintiff's income to calculate an appropriate
     amount, and then set the support payment at that amount.
     This is a fixed sum, not a variable one. This was not an abuse
     of discretion.

     2. The trial judge did not abuse his discretion by ordering
     plaintiff to pay support even though plaintiff's income varies
     from year to year. Plaintiff may seek modification of the award
     if her income should become substantially lower.

     Affirmed.

1. DIVORCE — CHILD SUPPORT.
   A trial court may modify the child support provisions of a divorce

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 844 *et seq.*
     Change in financial conditions or needs of parents or children as
       ground for modification of decree for child support payments. 89
       ALR2d 7.
[2] 4 Am Jur 2d, Appeal and Error § 136.
     5 Am Jur 2d, Appeal and Error § 704.
[3] 24 Am Jur 2d, Divorce and Separation § 839.
     Adequacy of amount of money awarded as child support. 1 ALR3d
       324.

.

judgment if the petitioning party establishes a change of circumstances that would warrant a modification.

2. APPEAL — CHILD SUPPORT.

The Court of Appeals affords *de novo* review to the findings of a trial court in matters of child custody and support, but great weight is given to the trial judge's decision in the matter and the Court of Appeals will not reverse unless it is convinced that it would have reached a result different from that of the trial judge.

3. PARENT AND CHILD — CHILD SUPPORT.

Use of a percentage of a party's current income to calculate an appropriate amount of child support is not error where the amount is then fixed at that figure, is not variable, and either party can petition for modification if and when circumstances change.

*Lyndon J. Lattie,* for plaintiff.

*Mark C. McCabe,* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

PER CURIAM. Plaintiff appeals as of right a May 30, 1980, lower court order that amended the parties' judgment of divorce and instructed plaintiff to pay defendant $28 per week in child support on behalf of two of the parties' five children over whom defendant was awarded custody.

The single issue in this appeal is whether the trial judge abused his discretion in ordering plaintiff to pay the child support.

Upon petition of either parent or the friend of the court, a trial judge may modify the child support provisions of a divorce judgment if the petitioning party establishes a change in circumstances that would warrant a modification. *Hentz v Hentz,* 371 Mich 335; 123 NW2d 757 (1963),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Andris v Andris,* 77 Mich App 715; 259 NW2d 203
(1977). Although this Court affords *de novo* review
to the trial judge's findings, great weight is given
to the judge's decision in the matter. *Krachun v
Krachun,* 355 Mich 167; 93 NW2d 885 (1959),
*McCarthy v McCarthy,* 74 Mich App 105; 253
NW2d 672 (1977). This Court will not reverse
unless it is convinced that it would have reached a
result different from that of the trial judge. *Dunn
v Dunn,* 105 Mich App 793; 307 NW2d 424 (1981).

Plaintiff argues that the trial judge abused his
discretion in ordering her to pay a percentage of
her income but not less than a fixed sum. The case
relied upon principally by plaintiff is *Stanaway v
Stanaway,* 70 Mich App 294; 245 NW2d 723 (1976).

In *Stanaway,* the plaintiff was required to pay
child support "in an amount equal to six (6%)
percent of his adjusted gross income, as defined for
federal income tax purposes, but not less than the
sum of $165 monthly". *Id.,* 295. This Court held
that the imposition of this escalator clause was an
abuse of discretion because it allowed continued
alteration of the divorce decree as to the amount
of support. Further, the clause focused exclusively
on the financial circumstances of the plaintiff-hus-
band while ignoring the complex factors related to
the changing needs of the minor child.

In this case the trial judge used a percentage of
plaintiff's current income to calculate an appropri-
ate amount of support. The judge ordered each
party to pay a fixed amount of support for the
children in the custody of his or her former
spouse. The amount of support is not variable and
either party can petition for modification if and
when circumstances change. Therefore, the hold-
ing of this Court in *Stanaway* does not apply to
this case.

Plaintiff next argues that the trial judge abused his discretion in ordering her to pay support even though she has no steady income. We find no error. The record reflects that plaintiff does have a steady income, although the sources of her income and its amount do change from year to year. However, if plaintiff's income should substantially decrease, she may seek relief by petitioning the trial judge for a modification of her support obligation.

While it is true that plaintiff's earnings are substantially below those of her former husband, the record indicates that the trial judge took this discrepancy into consideration when he ordered defendant to pay substantially more support for the children in plaintiff's custody that plaintiff must pay for the children in defendant's custody. Nor does the fact that defendant's new wife earns $25,000 per year affect our decision. Defendant's new wife has no obligation to support the children born to plaintiff and defendant. Inasmuch as we cannot say that the trial judge abused his discretion in this matter, we must affirm.

Affirmed.