312 S.E.2d 296

**Joyce K. STONE**

v.

**Kenneth R. STONE.**

**No. 15999.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 1984.

Decided Feb. 8, 1984.

Henry R. Glass, III, Lovett & Cooper, Charleston, for appellant.

Joyce K. Stone, pro se.

**PER CURIAM:**

The single issue raised by Kenneth Stone, the appellant, is whether the Circuit Court of Kanawha County erred in refusing to order Joyce Stone, the appellant's former wife, to financially contribute to the

support and maintenance of their two infant children. We conclude that this refusal was error.

The Stones were divorced in 1979. In the original divorce decree, Mrs. Stone was granted custody of the two children and Mr. Stone was ordered to make child support payments of $250 a month. Mr. Stone requested and was granted a modification of the divorce decree on June 7, 1982, which transferred the custody of the two children to him. This decree removed his obligation to pay his former wife $250 a month for child support, but was silent as to Mrs. Stone's child support responsibility. Subsequently, Mr. Stone petitioned the trial court to order Mrs. Stone to pay some child support, but this additional modification was rejected.

■ In West Virginia, the wife as well as the husband may be required to pay child support in an appropriate case, as we stated in Syllabus Point 5 of *Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452, 98 A.L.R.3d 1136 (1977):

"A trial court in appropriate circumstances, after taking into account the earnings, income, property and financial condition of both parties, may require a wife to contribute to the financial support of her minor children."

In *Murredu*, we rejected the provision in the divorce decree that required the wife to pay child support of one dollar a month because there was nothing in the record supporting a finding that the wife had income or property sufficient to justify payment of child support.

Our holding in *Murredu* was based upon our interpretation of relevant statutes * and cases from other jurisdictions which had held that in certain instances a wife can be required to contribute financially to the support and maintenance of her children. *See, e.g., Barnhard v. Barnhard,* 252 Ark. 167, 477 S.W.2d 845 (1972); *Kelley v. Kelley,* 378 So.2d 1069 (La.App.1979);

---

\* In *Murredu,* we pointed to the fact that in 1969, W.Va.Code, 48–2–16, relating to factors to be considered in determining alimony and child support, had been changed to a neutral gender by using the word "spouse" instead of "husband." The same change had been made to W.Va.Code, 48–2–13, dealing with support *pendente lite.*

*Herman v. Herman,* 109 Mich.App. 107, 310 N.W.2d 911 (1981); *Meysenburg v. Meysenburg,* 208 Neb. 456, 303 N.W.2d 783 (1981); *Ionno v. Ionno,* 148 N.J.Super. 259, 372 A.2d 624 (1977); *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *McCrary v. McCrary,* 599 P.2d 1248 (Utah 1979). *See generally* H. Krause, Child Support in America 3–7 (1981); Annot., 98 A.L.R.3d 1146 (1980).

In this case, Mr. Stone estimated that his monthly expenses amounted to approximately $1500, of which $500 could be attributed to expenses for the children, while Mrs. Stone had monthly expenses of about $928. Prior to April 9, 1983, Mr. Stone's monthly net income was a little more than $1000, but his net income dropped after that date to $682 a month because of a salary reduction. Mrs. Stone's income fluctuated because she was paid on a commission basis. The lowest monthly income she had earned was $355 while her highest monthly income was $1595. The most recent figures in the record reveal that from June 1 through June 15, 1983, she had earned $825.

It does appear that Mrs. Stone's earnings were at least equal to or above that of Mr. Stone after his salary reduction and that he was unable to adequately support himself and the two children on his earnings. Courts in similar situations have had no difficulty in requiring the wife to make some contribution to the support of the children. *E.g., Moore v. Moore,* 274 Cal. App.2d 698, 79 Cal.Rptr. 293 (1969); *Anderson v. Anderson,* 289 So.2d 463 (Fla. App.1974), *cert. discharged,* 309 So.2d 1 (1975).

■ In the Syllabus of *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977), we explained our standard of reviewing child support awards:

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused."

*See also Douglas v. Douglas,* 171 W.Va. 162, 298 S.E.2d 135 (1982); *Yanero v. Yanero,* 171 W.Va. 88, 297 S.E.2d 863 (1982); *Sandusky v. Sandusky,* 166 W.Va. 383, 271 S.E.2d 434 (1981).

■ Under the facts of the present case, we conclude that the trial court clearly abused its discretion in refusing to require Mrs. Stone to pay some amount of money for the support and maintenance of her two infant children. The combination of Mr. Stone's monthly expenses with his sudden drop in pay clearly demonstrate that Mrs. Stone, who was fully employed and often earning more money per month than her former husband, should have been ordered to bear some of the financial burden of supporting their children.

Accordingly, we reverse the decision of the Circuit Court of Kanawha County insofar as it refused to require Mrs. Stone to pay some amount of child support and remand the case for further proceedings in accordance with the principles enunciated in this opinion.

Reversed and Remanded.