# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD L. ROETKEN,

Plaintiff-Appellee,

v

CARA L. ROETKEN,

Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No. 333029
Wayne Circuit Court
LC No. 14-107070-DM

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right from the parties' judgment of divorce in this action involving arbitration proceedings. In particular, defendant challenges the trial court's December 22, 2015 order vacating the portion of the arbitrator's decision addressing spousal support. For the reasons set forth below, we reverse the trial court's December 22, 2015 order vacating the portion of the arbitrator's award regarding spousal support, vacate the portion of the judgment of divorce addressing spousal support and remand to allow the judgment of divorce to be amended in conformance with the arbitrator's decision.

On appeal, defendant contends that the trial court erred in entering an order vacating the portion of the arbitrator's award addressing spousal support and in entering the judgment of divorce commensurate with that order. We agree.

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010).

The statute providing the trial court with authority to vacate the arbitrator's award is MCL 600.5081, which provides, in pertinent part, as follows:

(1) If a party applies to the circuit court for vacation or modification of an arbitrator's award issued under this chapter, the court shall review the award as provided in this section or [MCL 600.5080].

(2) *If a party applies under this section, the court shall vacate an award under any of the following circumstances*:

(a) The award was procured by corruption, fraud, or other undue means.

-1-

(b) There was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.

(c) *The arbitrator exceeded his or her powers.*

(d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights. [Emphasis added.]

As this Court recognized in *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009), "[j]udicial review of arbitration awards is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." (Citation and footnote omitted.) Accordingly, this Court will uphold an arbitrator's award unless an "error of law evident on the face of the award . . . was so substantial that, but for the error, the award would have been substantially different." *Cipriano*, 289 Mich App at 377 (citation omitted).

We must also decide whether the trial court properly determined that the arbitrator exceeded its powers in fashioning an award of spousal support. This is an issue also reviewed de novo. *Washington*, 283 Mich App at 672. "Arbitrators exceed their powers whenever they act beyond the material terms of the contract from which they draw their authority or in contravention of controlling law." *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005) (citation omitted). Thus, the starting point for our analysis is the language of the arbitration agreement itself. Specifically, the arbitration agreement provides that "[i]n deciding the issues presented to the Arbitrator, the Arbitrator shall apply and be bound by the principles of Michigan law applicable to such matters." Further, § 10(C) of the arbitration agreement provides that "[t]he [a]rbitrator shall make his decision and [a]ward on the facts presented during the hearing and controlling principles of Michigan law." Section 6(A)(6) of the agreement also provides that "the Arbitrator has the power to decide each issue assigned to arbitration herein. The Court will enforce the Arbitrator's decisions on those issues."

Likewise, the controlling principles of law regarding spousal support also factor into our analysis. MCL 552.23 provides, in pertinent part, as follows:

(1) Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage who are committed to the care and custody of either party, the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

In *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012), this Court recognized that "[t]he object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and

reasonable under the circumstances of the case." (Citation and quotation marks omitted.) MCL 552.23 further requires that spousal support be determined case by case, and a spousal support award should "reflect 'what is just and reasonable under the circumstances of the case.'" *Loutts*, 298 Mich App at 29, 30, quoting *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2012). In deciding whether to award spousal support, trial courts are to take into consideration the following factors:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Myland*, 290 Mich App at 695, quoting *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003) (citations omitted).]

In *Myland*, the plaintiff argued that the trial court's award of spousal support did not adequately consider the ages of the parties, their health and ability to work, whether they had the ability to pay spousal support, their needs and their prior standard of living. *Myland*, 290 Mich App at 694. In *Myland*, the trial court had used a formula to calculate spousal support, set forth in pertinent part, as follows:

> In this case, the trial court determined that defendant's income was $62,500 a year and imputed $7,000 in income to plaintiff. It then awarded plaintiff spousal support of $13,875 a year ($1,156 a month) after considering only the length of the parties' marriage. To reach this number, the trial court applied a mechanistic formula, stating that it had "a formula that it has utilized in the past" and it was "using that as a guideline . . . ." Accordingly, the court multiplied the difference between defendant's income and plaintiff's imputed income ($62,500–$7,000 = $55,000) by 0.25. The trial court stated that it chose 0.25 on the basis of the number of years the parties were married—25. [*Myland*, 290 Mich App at 695-696 (footnote omitted).]

Rejecting this approach, this Court characterized the trial court's formula as "limited, arbitrary, and formulaic" and noted that it was not grounded in the principles of Michigan law. *Id*. at 696.[1] The *Myland* Court went on to observe, in pertinent part, as follows:

> [The trial court's approach] *totally fails to consider the unique circumstances of the parties' respective positions and fails to reach an outcome that balances the parties' needs and incomes.* In short, we cannot sanction the use of such a blunt tool in any spousal support determination, and the trial court's use of this formula

---

[1] Notably, *Myland* did not involve an arbitration proceeding.

here was an error of law. Given the trial court's use and application of its formula, it is not surprising that it failed to consider the factors relevant to an award of spousal support, aside from the length of the parties' marriage and their relative incomes. Indeed, this formula does not adequately account for many factors that were highly relevant to this proceeding, including the parties' ages, health, abilities to work, needs, previous standard of living, and whether one of them would be supporting a dependent. The trial court considered none of these required factors in the instant proceeding. [*Id*. (emphasis added).]

Subsequently in its opinion, the *Myland* Court emphasized, "given the statutory mandate of MCL 522.23, we must emphasize that there is no room for the application of any rigid and arbitrary formulas when determining the appropriate amount of spousal support . . . [.]" *Myland*, 290 Mich App at 699-700.

In the instant case, the arbitrator duly and in detail considered the applicable factors in fashioning an award of spousal support. Thus, the present facts are distinguishable from *Myland*, where this Court disagreed with the trial court's decision to use an arbitrary formula to determine spousal support after not considering several of the factors relevant to spousal support. *Id*. at 696. Further, in this case, the arbitrator's decision to use the percentage based formula it did was grounded in his decision to not impute income to plaintiff to avoid a result that would "impoverish plaintiff." Recognizing that without an imputation of income a present award of spousal support could not be made, the arbitrator then decided that 32.5% of plaintiff's future earnings would be awarded to defendant. The arbitrator recognized that the increased percentage, beyond what was presumably sought by defendant, "is to account for the lost opportunity on the severance package." Plaintiff was terminated from his employment in February 2015 and declined a significant severance package valued at approximately $2,500,000 where it contained a restrictive non-compete clause. The formula further provided that the 32.5% could be reduced by 50% of defendant's income, and that after three years, $30,000 in income would be imputed to defendant.

Contrary to the facts in *Myland*, the arbitrator's percentage-based formula evolved from the arbitrator's due consideration of the spousal support factors as set forth in Michigan law and its decision that such a formula was necessary under the facts of this case, where plaintiff had declined a significant severance package and income was not being imputed to him as a result. Additionally, the arbitrator's formula conforms with the statutory dictates of MCL 552.23(1), which requires that an award of spousal support be "just and reasonable" and be fashioned after "considering the ability of either party to pay and the character and the situation of the parties, and all the other circumstances of the case." Additionally, our research did not yield any Michigan statute or caselaw that precluded the arbitrator from fashioning a percentage-based spousal support award. See e.g., *Washington*, 283 Mich App at 673 (recognizing that the arbitrator's decision did not circumvent controlling state law where Michigan statutes and case law did not prohibit the arbitrator's marital property distribution award). In fact, in *Hempton v Hempton*, 122 Mich App 4, 5, 10; 329 NW2d 514 (1982), this Court concluded that an escalator clause allowing for the payment of alimony to be tied to the rise of inflation was permissible, observing that "[t]he paying party may still petition for a modification [of spousal support] if circumstances have changed or his personal income has not increased sufficiently to enable him to meet the adjusted support obligation." Consequently, where the arbitrator's decision

regarding spousal support was well within its authority pursuant to the terms of the arbitration agreement and did not contravene Michigan law, the trial court erred in vacating that portion of the arbitration award.

On appeal, plaintiff cites several cases in support of his argument that the arbitrator's spousal support award was not in compliance with Michigan law, none of which involved arbitration proceedings and all of which are factually and legally distinguishable from the present case. For example, in *Anneberg v Anneberg*, 367 Mich 458, 459, 461; 116 NW2d 794 (1962), the trial court ordered the defendant to pay a percentage of his income for child support, not to exceed $500 a month, and the Michigan Supreme Court concluded that the trial court's order did not amount to an abuse of discretion. In *Stanaway v Stanaway*, 70 Mich App 294, 295-296; 245 NW2d 723 (1976), this Court determined that the trial court erred in imposing an unlimited escalator clause with regard to child support where it did not contain a fixed amount, and it "violate[d] both the spirit and the letter" of MCL 552.17. Specifically, this Court recognized that the child support award focused on the circumstances of the parent required to pay child support, as opposed to "the complex of factors" regarding the children and their "changing or unchanging needs." *Id*. at 296 (citations omitted.) In *Hagbloom v Hagbloom*, 71 Mich App 257, 259, 260-261; 247 NW2d 373 (1976), this Court concluded that an order of child support of 30% of the defendant's income was erroneous where it did not contain a specific upper limit, and where it was "geared to only one variable, the father's income[,]" and did not factor in the needs of the minor children. In *Hakken v Hakken*, 100 Mich App 460, 468; 298 NW2d 907 (1980), this Court recognized that percentage based escalator clauses, in the factual context of child support awards, are of assistance to trial courts in awarding child support where the supporting parent "has a variable income or has been the recipient of rapid promotions." This Court rejected the assertion that such a clause must have a ceiling, instead ruling that any award "must accord with the welfare of the child within the means and ability of the father (or supporting parent)[.]" *Id*. Finally, in *Herman v Herman*, 109 Mich App 107, 109; 310 NW2d 911 (1981), this Court concluded that the trial court's award of child support on the basis of a percentage of the plaintiff's income was permissible, and this Court's holding in *Stanaway* did not preclude the award where "the amount of support is not variable and either party can petition for modification if and when circumstances change." Notably, all of the Court of Appeals cases plaintiff cites were decided before November 1, 1990, MCR 7.215(J)(1), and are therefore not binding precedent. Moreover, none of the cases plaintiff cites above support his assertion that the arbitrator's percentage based award of spousal support under the circumstances of this case contravened Michigan law, where the arbitrator duly considered the spousal support factors set forth in case law in fashioning its award.

We reverse the trial court's December 22, 2015 order vacating the portion of the arbitration award addressing spousal support, vacate the portion of the judgment of divorce regarding spousal support and remand to allow the judgment of divorce to be amended to

conform with the arbitration award.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.  We do not retain jurisdiction.[2]


/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[2] Given our disposition of this appeal, we need not address defendant's additional argument that the trial court erred in requiring the parties to submit proposed judgments of divorce to the trial court, rather than the arbitrator, for approval.